IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00712-BNB-KMT

JACOB JONES,

Plaintiff,

v.

AUTO WAREHOUSE, INC.,

Defendant.
_____

**ORDER**
_____

The plaintiff brings this action alleging violations of the Truth In Lending Act (15 U.S.C. §1638(a)) and Reg. Z (12 C.F.R. 226.4) in connection with the purchase and financing of a used automobile. In the Final Pretrial Order, the defendant withdrew all affirmative defenses, stating:

> Defendant is withdrawing all of the Affirmative Defenses set forth in its Answer and will attempt to demonstrate through Plaintiff and Defendant's witness Keegan Gleaton . . . that Plaintiff has failed to meet his burden of proof under all three of his claims.

Final Pretrial Order [Doc. # 40] at p. 4.

By an Order [Doc. # 41] entered on January 29, 2013, I required that on or before April 1, 2013, the parties must do the following, among other things:

> File and serve proposed jury instructions, verdict forms, and voir dire questions. Prior to April 1, 2013, the parties shall confer in an attempt to reach agreement on stipulated jury instructions and verdict forms. Stipulated jury instructions and verdict forms shall be so designated. Any jury instructions or verdict forms about which the parties cannot agree shall be submitted as disputed. . . . A citation of authority in support of each proposed jury instruction must be contained at the bottom of each instruction.

Order [Doc. # 41] at ¶4. In addition, on or before April 15, 2013, the parties were required to

"[f]ile and serve objections to proposed jury instructions addressing the basis for each objection. Id. at ¶6.

Plaintiff's proposed jury instructions 11 through 25 contain the proposed instructions concerning the elements the plaintiff asserts he must prove to establish his case.  All of the instructions are disputed by the defendant, although the defendant has failed to offer any proposed instructions on those issues which it contends correctly state the law.  Similarly, the Defendant's Objections to Plaintiff's Proposed Jury Instructions [Doc. # 46] provides no specifics as to the manner in which the plaintiff's proposed instructions fail accurately to state the law nor does it offer proposed instructions which the defendant contends are correct statements of the law.  Instead, and by way of example, the Objections state that "the instruction is not supported by the case law cited by Plaintiff as a proper TILA instruction to be given to a jury"; "the instruction does not accurately reflect the definition of 'annual percentage rate' and the second and third sentences of the instruction will not be supported by the evidence in the case given that the table published by the Federal Reserve Board will not be entered into evidence"; and the like.  The defendant's conduct in this regard is contrary to the purpose of submitting disputed jury instructions and objections to instructions proposed by the plaintiff.  It also provides no guidance as to the instructions which the defendant contends should be given.

IT IS ORDERED that on or before 12:00 noon on May 2, 2012, the defendant shall submit proposed jury instructions containing the elements it contends the plaintiff must establish to prove its claims and a more thorough statement of why it asserts the plaintiff's proposed instructions are improper, including citations to specific authority.

Dated April 29, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge