IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00712-BNB-KMT

JACOB JONES,

Plaintiff,

v.

AUTO WAREHOUSE, INC.,

Defendant.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion for Attorneys' Fees** [Doc. # 56, filed 5/22/2013]. The defendant has not responded. For the reasons stated, the Motion for Attorneys' Fees is GRANTED, and the plaintiff is awarded his reasonable attorneys' fees in the amount of $34,230.40.

This action is brought pursuant to the federal Truth In Lending Act, 15 U.S.C. §1638(a). The case was tried to a jury, which returned a verdict for the plaintiff and awarded him statutory damages of $2,000.00. Section 1640(a)(3), 15 U.S.C., provides for the award of "a reasonable attorney's fee as determined by the court" to a plaintiff who successfully asserts a TILA violation.

The Motion for Attorneys' Fees [Doc. # 56] is supported by affidavits and a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and plaintiffs' counsel's qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorneys' fee, I apply the lodestar principles stated in

Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." Id.(internal quotations and citation omitted).

**1.     Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[1]

The plaintiffs' attorneys have itemized the tasks performed and the time required for those tasks. The itemization reflects a total of 198.2 hours of time expended in connection with this case with a total value of $44,990.00. I have reviewed the time itemization and find that a total of 153.1 hours were reasonably and necessarily expended in the prosecution of the case, with a value of $39,259.00. Importantly, however, plaintiff's counsel states in the Motion for Attorneys' Fees that the plaintiff waives the time billed by certain timekeepers and "further reduces his fee request to $34,230.40." Motion for Attorneys' Fees [Doc. # 56] at p. 12. This is more than $5,000 below the value of the time I have determined was reasonably and necessarily expended on the case, and is reasonable.

**2.     Reasonable Hourly Rate**

The plaintiff claims attorneys' fees at rates ranging from $175 to $335 per hour, depending on the lawyer's training and experience. In addition, the plaintiff seeks to recover

---

[1]As the Supreme Court instructed in Fox v. Vice, 131 S. Ct. 2205, 2216 (2011), "trial courts need not, and indeed should not become green-eyeshade accountants" when determining a fee application. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Id.

time billed by paralegals at $135 per hour.

The plaintiff bears the burden of establishing that the rates are reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A trial court may use its own knowledge in determining a reasonable rate. Id. at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market). I find that the rates charged here are reasonable for lawyers and paralegals of comparable training and experience and in connection with a case of this nature.

The requested fee award of $34,230.40 is reasonable and appropriate in this case.

IT IS ORDERED:

(1) The Motion for Attorneys' Fees [Doc. # 56] is GRANTED; and

(2) The plaintiff is awarded his reasonable attorneys' fees in the amount of $34,230.40.

Dated June 24, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge